# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MICHAEL ALAN WALKER, JR.**                                               **PLAINTIFF**

**v.**                        **No. 3:25-cv-00162-KGB-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                                                   **DEFENDANT**

## ORDER

On August 18, 2025, Plaintiff Michael Walker, Jr., represented by counsel, filed a complaint regarding the denial of his social security claim and a motion to proceed in forma pauperis. *Docs. 1, 2.*

A plaintiff may proceed *in forma pauperis* if he establishes that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The statute "is designed to ensure that indigent persons will have equal access to the judicial system" and the decision to grant relief under the statute "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (cleaned up). Proceeding "*in forma pauperis* is a privilege and not a right." *Cole v. Farmers Coop. Ass'n of Van Buren, Arkansas*, No. 2:20-CV-02008-PKH, 2020 WL 1265425, at *1 (W.D. Ark. Feb. 24, 2020).[1]

Mr. Walker submitted an *in forma pauperis* affidavit, showing he has a monthly income of $3,600. He does not appear to be indigent. Nor does it appear

---

[1] Report and recommendation adopted, 2020 WL 1249908 (W.D. Ark. Mar. 16, 2020).

that paying the filing fee will impose a serious hardship on him. See *Hill v. CNO Financial*, No. 4:22-CV-00451-KGB, 2023 WL 2418561, at *1 (E.D. Ark. Feb. 2, 2023) (holding that an *in forma pauperis* applicant "must show that paying the filing fee would result in an undue financial hardship").

IT IS THEREFORE ORDERED THAT:

1. Mr. Johnson's motion to proceed *in forma pauperis (Doc. 1)* is DENIED.[2] He has thirty days from the date of this order to pay the $405 filing fee. If he does not pay the filing fee in thirty days, I will recommend that this case be dismissed.

2. The Clerk of Court is directed to notify the Commissioner of this case pursuant to Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

Dated 19 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Mr. Johnson may pay the filing fee and continue this case, the denial of his IFP application arguably is a non-dispositive ruling that I may decide by order rather than a recommendation. However, there is a split of authority on this issue. See *Wilmington Tr, NA v. Scarlett*, No. 1:17-cv-04605-AT-AJB, 2017 WL 8217729, at *2 n.4 (N.D. Ga. Nov. 20, 2017) (discussing split of authority on magistrate judge authority to deny IFP applications). Of course, if Mr. Johnson fails to pay the filing fee, any ruling dismissing this case must be made by the presiding district judge.