**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**MICHAEL A. WALKER, JR.**                                **PLAINTIFF**

**V.**                          **No. 3:25-CV-00162-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                 **DEFENDANT**

## ORDER[1]

Plaintiff Michael A. Walker, Jr. appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

In 2008, Mr. Walker filed an application for benefits due to a back injury. *Tr. 125, 129.* Since then, his case has been remanded by either the Appeals Council or the federal district court several times. *Tr. 428-33, 461-63, 816-21, 1128-29, 1210-11, 1238-39, 1268-70, 1300-02.* Mr. Walker is seeking a closed period of disability from April 2008 to January 2017. *Tr. 1159-60.*

Following the most recent remand, an Administrative Law Judge ("ALJ") held a hearing on April 10, 2024, where Mr. Walker appeared with his lawyer, and the ALJ heard testimony from Mr. Walker and a vocational expert ("VE"). *Tr.*

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 7.*

1

*1157-1171.* On June 3, 2024, the ALJ issued a decision finding that Mr. Walker was not disabled. *Tr. 1128-1144.* The Appeals Council denied Mr. Walker's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1118-24.*

Mr. Walker, who was almost forty-eight years old at the time of the April 2024 hearing, has a GED and had no past relevant work experience due to the remoteness of his past work. *Tr. 125, 1167, 1177.*

## II.    The ALJ's Decision[2]

The ALJ found that Mr. Walker had not engaged in substantial gainful activity from the alleged onset date of April 1, 2008 through January 11, 2017.[3] *Tr. 1132.* The ALJ also concluded that Mr. Walker had the following severe impairments: degenerative disc disease, degenerative joint disease, and anxiety. *Id.* However, the ALJ concluded that Mr. Walker did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[3] However, the ALJ found that Mr. Walker has engaged in substantial gainful activity since 2017. *Tr. 1132.*

According to the ALJ, during the relevant period of April 2008 to January 2017, Mr. Walker had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional climbing, balancing, stooping, crouching, kneeling, and crawling; and (2) occasional interaction with coworkers, supervisors, and the public. *Tr. 1134.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Walker could perform, including collator operator, price tagger, and stock checker apparel. *Tr. 1168.* Accordingly, the ALJ determined that Mr. Walker was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that

supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185,

187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Walker's Arguments for Reversal

Mr. Walker contends that the Commissioner's decision is not supported by

substantial evidence because the ALJ: (1) failed to properly assess Dr. Pratapji

Thakor's opinion; and (2) found that Mr. Walker could perform three jobs that do

not exist in significant numbers in the national economy. *Doc. 11 at 43, 55.*

### C.    Analysis

#### 1.    Dr. Thakor's Opinion

Mr. Walker alleges that the ALJ erred when assessing the opinion of Dr.

Pratapji Thakor, Mr. Walker's primary care physician. *Doc. 11 at 43.* Dr. Thakor's

September 26, 2016 opinion asserted that Mr. Walker:

> is unable to work considering his diagnosis of lumbar radiculopathy
> with disk herniation. It is difficult for patient to stand and walk for a
> long time. The patient needs reevaluation in 6 months for functional
> capacity.

*Tr. 1023.* Mr. Walker argues that "Dr. Thakor's opinion directly contradicts the

ALJ's finding that [he] can engage in the prolonged standing and walking required

for light work." *Doc. 11 at 43.*

4

Before March 2017, which covers the relevant period in this case, an ALJ was to "[g]enerally . . . give more weight to medical opinions from [a claimant's] treating sources . . . ." 20 C.F.R. § 404.1527. When a treating source's opinion is not given controlling weight, the ALJ must consider the length of relationship between the provider and claimant, the frequency of examinations, supportability of the opinion, consistency with the record as a whole, specialization of the treatment provider, and other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6); 416.927(c)(2)-(6).

A treatment provider's statement may be discounted if it is inconsistent with the overall assessment of the treatment provider or the opinions of others, especially where the other opinions are supported by more or better medical evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2007); *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007) (an ALJ is not required to give controlling weight to the opinion of a treating physician if the opinion is inconsistent with the other substantial evidence in the record).

Here, the ALJ gave Dr. Thakor's 2016 opinion "little weight" after performing a thorough review of the medical record and weighing the supportability and consistency of the opinion against the record as a whole. *Tr. 1138-1141*. The ALJ noted that Dr. Thakor found that Mr. Walker was unable to work because of

his radiculopathy with disk herniation and inability to stand or walk for long periods. In discounting this opinion, the ALJ correctly pointed out several issues:

- Dr. Thakor "gave no reason for the weight restriction and did not provide a step-by-step analysis of [Mr. Walker's] functional abilities." *Tr. 1141*. Mr. Walker's argument that no law, regulation, or precedent requires a step-by-step analysis misses the point. The ALJ is simply pointing out that Dr. Thakor's conclusory opinion lacks any thoughtful explanation or support and therefore the ALJ gave it little weight.

- "The opinion that the claimant is unable to work is a determination for the Commission." *Tr. 1141*. Mr. Walker takes issue with this finding, but it is consistent with the law. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("A medical source opinion that an applicant is 'disabled' or 'unable to work,' however, involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight.").

- Dr. Thakor's opinion regarding Mr. Walker's inability to work was contradicted by the evidence regarding his ability to work odd jobs, lift heavy weights, mow the lawn, do the laundry, *etc. Tr. 280, 1139, 1141.* Such daily activities undermine Mr. Walker's claims of disability.

*Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

- State-agency consultant Dr. Yates' opinion, which the ALJ gave some weight, contradicted Dr. Thakor's opinion. *Tr. 1142*. Dr. Yates opined that Mr. Walker would have no significant sitting or standing restrictions. Dr. Yates also noted that Mr. Walker's efforts were self-limiting, and he appeared have no mobility issues when he "strolled out fairly quickly without any limp and without any apparent sign of problems walking" after the exam. *Tr. 757.* "[A]n ALJ may discount a claimant's allegations if there is evidence that a claimant was a malinger or was exaggerating symptoms . . . ." *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

- A "2009 MRI was significant for lumbar degenerative disc disease with a bulge but there was no canal compromise or spinal canal involvement." *Tr. 1141.* At the time of the MRI, the plan was to commence physical therapy and continue with pain medication. *Tr. 281*. In 2015, Mr. Walker advised that physical therapy helped him, but he had not done it in years. *Tr. 754*. Additionally, improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120-KGB-PSH, 2025 WL

7

1812626, n.6 (E.D. Ark. July 1, 2025); see *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

- Dr. Thakor's opinion was inconsistent with the overall conservative treatment, which consisted of routine check-ups and medications. *Tr. 1138-42. Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (upholding ALJ's finding that conservative treatment tended to show that plaintiff's impairments were not disabling). The ALJ noted that Mr. Walker "has not received any surgical intervention, does not receive injections, and has not undergone any further physical therapy." *Tr. 1252.* Mr. Walker also appears to have rejected some treatment for injections that were helpful because he "can't deal with needles." *Tr. 754, 1162, 1204.* He also unilaterally decided to cut back on his pain pills. *Tr. 1205.* Finally, he was told to "try to stay active as much as possible" and exercise regularly. *Tr. 732, 1018, 1138-39.* "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Although Mr. Walker has physical impairments, the Court will not reverse the Commissioner's decision "merely because substantial evidence exists for the

opposite decision." *Long*, 108 F.3d at 187. The ALJ did not err in his assessment of Dr. Thakor's opinion.

## 2. Available Jobs

Mr. Walker asserts that the ALJ erred when finding that he could perform the jobs of nut sorter and table worker, because neither job is available in significant numbers in the national economy.[4] *Doc. 11 at 55-56.* These two jobs involved sedentary work, which was an alternative finding. Additionally, Mr. Walker's argument ignores both an additional sedentary job (addresser, which has approximately 15,600 jobs available in the national economy), and the light exertional jobs the ALJ found that he could perform – collator operator (33,000 jobs), price tagger (136,000 jobs), and stock checker apparel (11,000 jobs). *Tr. 1144, 1168-69.*

To the extent that there was any error in referring to nut sorter and table worker, the error was harmless.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Mr. Walker's claims, and substantial evidence supports the decision to deny benefits.

---

[4] The VE testified that there were about 1,800 nut sorter jobs, and 968 table worker jobs available in the national economy. *Tr. 1168-1169.*

9

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 12 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE